**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                    No. CR 07-1042 JB

SALVADOR DE JESUS GUTIERREZ-CASTRO,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Sentencing Memorandum for Concurrent Time Submitted on Behalf of Defendant Salvador de Jesus Gutierrez-Castro, filed December 8, 2011 (Doc. 42)("Sentencing Memorandum"). The Court held a revocation hearing on December 16, 2011. The primary issue is whether the Court should impose on Defendant Salvador de Jesus Gutierrez-Castro a sentence for violation of his term of supervised release that will run consecutively to the sentence the Court imposed in United States v. Gutierrez-Castro, No. CR 10-2072 JB (D.N.M.). Because the Court believes that consecutive sentences are not necessary to fully reflect the factors set forth in 18 U.S.C. § 3553(a), the Court will order that the sentences run concurrently.

**FACTUAL BACKGROUND**

On April 18, 2010, border patrol agents observed an individual's footprints crossing the United States/Mexico border near Sunland Park, New Mexico. See Presentence Investigation Report ¶ 5, at 3, disclosed October 3, 2011 (No. CR 10-2072). An agent then encountered an individual attempting to hide in the nearby brush. See PSR ¶ 5, at 3. This individual, Gutierrez-Castro, admitted after questioning to being a citizen and national of Mexico who entered the United

States illegally.  See PSR ¶ 5, at 3.  No evidence suggests that Gutierrez-Castro applied for or received permission from the appropriate authority to reenter the United States lawfully.  See PSR ¶ 6, at 3.  Before the commission of the current offense, Gutierrez-Castro was "homeless living on the streets in Ciudad Juarez, Chihuahua, Mexico."  PSR ¶ 54, at 15.  He was also unemployed.  See PSR ¶ 62, at 16.

Gutierrez-Castro has received a total of four theft convictions in the following years: (i) two in 1987; (ii) one in 1995; and (iii) one in 2000.  See PSR ¶¶ 25-26, 28, 33, at 6-7, 9.  Gutierrez-Castro received a conviction for possession with intent to manufacture or deliver marijuana in 1992 and a controlled substance offense in 1997 involving presenting an altered prescription for codeine.  See PSR ¶¶ 27, 30, at 7-8.  In 1993, he received a misdemeanor theft conviction for unlawful possession of a martial arts weapon.  See PSR ¶ 29, at 8.  In 1997, he received a felony conviction for lurking with intent to commit a crime.  See PSR ¶ 31, at 8.  Since 2000, Gutierrez-Castro has committed three immigration offenses.  See PSR ¶¶ 34-36, at 9-11.  For the immigration conviction he received in 2001, he received a sentence of 37-months imprisonment and 3 years supervised release.  See PSR ¶ 34, at 9.  He reentered in April 2003 and received a 37-month sentence and 2 years supervised release.  See PSR ¶ 35, at 10.  He also received a sentence of 12 months and 1 day that ran consecutively with the 37-month sentence.  See PSR ¶ 35, at 10.  When he committed another immigration offense in 2007, he received a sentence of 18 months as part of the violation of his supervised release to run concurrently to the 46-month sentence he received for the immigration offense he committed in 2007.  See PSR ¶¶ 35-36, at 10-11.  Gutierrez-Castro committed the offense which is the basis of the current revocation proceeding during the term of his supervised release for the immigration offense he committed in 2007.  See PSR ¶ 37, at 11.  He has received no convictions for offenses other than immigration offenses since the theft conviction he

received in 2000.  See PSR ¶¶ 33-36, at 9-11.

Based on the 2007 immigration offense, the Honorable Judge John E. Conway, United States District Judge for the District of New Mexico, sentenced Gutierrez-Castro for a violation of 8 U.S.C. § 1326(b)(2), that being reentry of a removed alien.  See Judgment in a Criminal Case at 1-2, filed September 6, 2007 (Doc. 26)("Judgment").  Judge Conway imposed a term of 2-years supervised release.  See Judgment at 3.  One of the mandatory conditions of supervised release with which Gutierrez-Castro had to comply was as follows: "The defendant shall not commit another federal, state, or local crime."  Judgment at 3.  One of the special conditions of supervised release was as follows: "The defendant must not reenter the United States without legal authorization."  Judgment at 4.

## PROCEDURAL BACKGROUND

An Indictment filed on July 14, 2010 charged Gutierrez-Castro with a violation of 8 U.S.C. § 1326(a) and (b), that being reentry of a removed alien.  See Doc. 13 (No. CR 10-2072).  On August 11, 2011, the Court conducted a jury trial on this charge.  See Clerk's Minutes at 1, filed August 11, 2011 (Doc. 91)(No. CR 10-2072).  The jury returned a verdict finding Gutierrez-Castro guilty of violating 8 U.S.C. § 1326(a) and (b).  See Verdict at 1, filed August 11, 2011 (Doc. 88)(No. CR 10-2072).

On August 20, 2010, the United States Probation Office ("USPO") filed a Petition for Revocation of Supervised Release on the basis that Gutierrez-Castro had violated these conditions. See Doc. 29, at 1-2 (Petition").  It asserts that, in April 2010, Gutierrez-Castro had violated the mandatory condition of supervised release regarding committing another offense and the special condition regarding reentering the United States without legal authorization.  See Petition at 1-2. On September 1, 2010, the USPO disclosed a Memorandum recommending termination of

Gutierrez-Castro's supervised release.  See Memorandum at 1.  The Memorandum states that the most serious violation in this case is a Grade B violation under U.S.S.G. § 7B1.1.  See Memorandum at 1.  Based on the criminal history category in place at the time of the imposition of sentence, the USPO states that his criminal history category is a category V.  See Memorandum at 1.  The USPO calculates that a Grade B violation and a criminal history category of V produces a guideline imprisonment range of 18 to 24 months.  See Memorandum at 1.  There being no disputes about the USPO's guideline calculation, the Court will adopt it as its own.  The USPO recommends that the Court impose a sentence of 18 months to run consecutively with the sentence imposed in No. CR. 10-2072.  See Memorandum at 1.

The USPO disclosed a PSR for Gutierrez-Castro relating to the offense arising out of No. CR 10-2072 on October 3, 2011.  In the PSR, the USPO calculates Gutierrez-Castro's total offense level to be 20.  See PSR ¶ 19, at 5.  The PSR includes a 12-level upward adjustment under U.S.S.G. § 2L1.2(b)(1)(B), because "the defendant had previously been deported, excluded and removed from the United States subsequent to having been convicted of a felony that is a drug trafficking offense for which the sentence imposed was 13 months or less."  PSR ¶ 13, at 4.  For this enhancement, the PSR relies on a drug conviction Gutierrez-Castro received in August 28, 1992 for which he received a sentence of "45 days custody and 12 months probation."  PSR ¶ 13, at 4.  The PSR lists his criminal history category as V, based on 12 criminal history points.  See PSR ¶ 38, at 11.  The PSR applies 3 criminal history points for another illegal reentry conviction Gutierrez-Castro received in 2007 from the United States District Court for the District of New Mexico.  See PSR ¶ 36, at 10.  The PSR applies 2 criminal history points based on Gutierrez-Castro committing "the instant offense while under a criminal justice sentence."  PSR ¶ 37, at 11.  There being no disputes about the PSR's factual findings, the Court adopts them as its own.

On December 8, 2011, Gutierrez-Castro filed his Sentencing Memorandum. He requests that the Court impose a sentence for violation of supervised release which will run concurrently with the sentence he will serve for his conviction in No. CR 10-2072. See Sentencing Memorandum at 1. He asserts that the 5 criminal history points he received from the predicate offense for which he is currently on supervision along with the commission of another offense while on supervised release have "sufficiently punished" him "for violating the conditions of his supervised release." Sentencing Memorandum at 2. Gutierrez-Castro states that he "understands that he cannot return to the United States again without proper authorization." Sentencing Memorandum at 2.

On December 12, 2011, Plaintiff United States of America filed the United States' Response to Defendant's Sentencing Memorandum. See Doc. 44 ("Response"). The United States recounts that, after serving a 37-month sentence for illegal reentry, Gutierrez-Castro was deported. See Response at 2 (citing PSR ¶ 34, at 9). It notes that, after he served a second 37-month sentence with a consecutive sentence of 12 months and 1 day for a supervised release violation, Gutierrez-Castro reentered the United States. See Response at 2 (citing PSR ¶¶ 34-35, at 9-10). It asserts that "[a]fter serving a 46-month sentence accompanied with an 18-month concurrent sentence for his supervised release violation, he has again illegally returned." Response at 2 (citing PSR ¶¶ 4, 36, at 3, 10-11). The United States argues that Gutierrez-Castro's actions indicate that he has not learned respect for the laws of this country and has not learned from his prior deportations. See Response at 2-3. The United States asserts that the guidelines provide that these sentences should run consecutively. See Response at 3 (citing U.S.S.G. § 7B1.3(g) and cmt. n.4).

On December 9, 2011, the USPO disclosed an Addendum to the PSR. The USPO recognizes that the current version of U.S.S.G. § 2L1.2(b) now provides for an 8-level enhancement for Gutierrez-Castro's 1992 drug conviction as opposed to a 12-level enhancement under the previous

version of this guideline.  See Addendum to PSR at 1.  The USPO recalculates his offense level as

16.  The USPO concludes that an offense level of 16 and a criminal history category of V results in

a guideline imprisonment range of 41 to 51 months.  See Addendum to PSR at 1.

At the sentencing hearing on December 16, 2011, Gutierrez-Castro conceded that he has

significant criminal history.  See Transcript of Hearing at 3:18-23 (taken December 16,

2011)(Sapien)("Tr.").[1]  In a discussion of the appropriate sentence for the charges arising out of No.

CR 10-2072, Gutierrez-Castro asserted that he is willing to waive his appellate rights to help support

the Court's decision to impose a downward variance.  See Tr. at 5:9-14 (Sapien).  The United States

asserted that, contrary to its position in its Response, it would agree to a downward variance

consistent with a 1-level decrease in Gutierrez-Castro's offense level if his attorney was willing to

state on the record that Gutierrez-Castro would waive his appellate rights.  See Tr. at 6:14-24

(Cairns).  The United States recognized that it appreciates the professional manner opposing counsel

conducted himself in preparation for trial.  See Tr. at 7:5-22 (Cairns).  The United States also agreed

to withdraw its request for a consecutive sentence for Gutierrez-Castro's supervised release

violation.  See Tr. at 8:7-10 (Cairns).  The Court expressed its concern that it could not at this stage

of the proceeding accept this waiver of appellate rights in exchange for a reduction to Gutierrez-

Castro's sentence.  See Tr. at 8:20-21 (Court).  The United States asserted that no departure under

the guidelines was necessary and that it would not oppose a downward variance.  See Tr. at 8:22-9:4

(Cairns).  The United States also contended that Gutierrez-Castro's counsel, Phillip Sapien, would

abide by his representation that he would not file a notice of appeal.  See Tr. at 8:22-9:4 (Cairns).

Regarding the appropriate sentence for the violation of the term of supervised release, the

---

[1]The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

United States asserted that, contrary to its position in its Response, it would withdraw its request that

the sentence for the revocation of supervised release and the sentence imposed in No. CR 10-2072

run consecutively.  See Tr. at 8:6-10 (Cairns).  The probation officer stated that violation of these

conditions results in mandatory revocation.  See Tr. at 15:8-13 (Court, Cairns, Probation Officer).

Gutierrez-Castro admitted to the violations of his term of supervised release.  See Tr. at 16:9-17

(Court, Sapien); id. at 18:20-19:2 (Court, Gutierrez-Castro, Sapien).   The parties agreed that

revocation was mandatory.  See Tr. at 19:8-13 (Cairns, Sapien, Court, Gutierrez-Castro).

## LAW REGARDING U.S.S.G. § 7B1.3

U.S.S.G. § 7B1.3(f) provides:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served results from the conduct that is the basis of the revocation of probation or supervised release.

U.S.S.G. § 7B1.3(f).  Application note 4 to U.S.S.G. § 7B1.3 provides:

> Subsection (f) provides that any term of imprisonment imposed upon the revocation of probation or supervised release shall run consecutively to any sentence of imprisonment being served by the defendant.  Similarly, it is the Commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation.

U.S.S.G. § 7B1.3 cmt. n.4.  Notably, the provisions in Chapter Seven of the sentencing guidelines

have always been advisory rather than mandatory.  See United States v. McClanahan, 136 F.3d

1146, 1149 (7th Cir. 1998); United States v. Hurst, 78 F.3d 482, 483 (10th Cir. 1996)("Section

7B1.4(a) is therefore not a sentencing guideline per se; it is merely a 'policy statement.'").  "In

dealing with violations of supervised release the Sentencing Commission chose to issue policy

statements rather than guidelines, in order to permit evaluation after experience with the new

supervised release concept." United States v. Boling, 947 F.2d 1461, 1462 (10th Cir. 1991). "While

the Chapter Seven policy statements are entitled to 'great weight,' they do not bind the sentencing

judge; while they are an 'element in his exercise of discretion,' they are not a substitute for that

discretion." United States v. McClanahan, 136 F.3d at 1149.

### RELEVANT LAW REGARDING SUPERVISED RELEASE

As the United States Court of Appeals for the Eleventh Circuit has stated:

> The primary goal of supervised release is to ease the defendant's transition into the
> community after the service of a long prison term for a particularly serious offense,
> or to provide rehabilitation to a defendant who has spent a fairly short period of time
> in prison for punishment or other purposes but still needs supervision and training
> programs after release.

United States v. Pugh, 515 F.3d 1179, 1199 (11th Cir. 2008)(alterations omitted)(quoting S.Rep. No.

98-225, at 124 (1984), reprinted in 1984 U.S.C.C.A.N. 3182)(internal quotation marks omitted).

"Congress intended supervised release to assist individuals in their transition to community life.

Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." United

States v. Johnson, 529 U.S. 53, 59 (2000)(citing S.Rep. No. 98-225, at 124).  Congress has

prohibited incarcerating an offender for rehabilitation purposes, but in contrast, an offender's need

for rehabilitation may be considered in prescribing supervised release conditions. See United States

v. Burgos, 276 F.3d 1284, 1290 n.6 (11th Cir. 2001); United States v. Vigil, No. 05-2051, 2010 WL

2301708, at *9 (D.N.M. May 4, 2010)(Browning, J.).

### ANALYSIS

The Court incorporates by reference its Memorandum Opinion and Order, filed January 23,

2012 (Doc. 104)(No. CR 10-2072).  The Court finds that Gutierrez-Castro violated the conditions

of supervision by reentering the United States and committing a federal felony offense.  The Court

has carefully considered the parties' arguments and the circumstances of this case.  The Court has

reviewed the violation report and the factors set forth in 18 U.S.C. § 3533(a). The Court has

considered the guideline range for the applicable category of violation committed by the applicable

category of defendant. The Court believes that the punishment that the guidelines set forth is

appropriate for Gutierrez-Castro's violations, but does not believe it is necessary to make his

sentence for violation of supervised release run consecutively to the sentence imposed in No. CR

10-2072. The Court concludes that a sentence of 18 months is sufficient to reflect the seriousness

of the violations. This sentence will run concurrently with the sentence imposed in No. CR 10-2072.

The Court worked hard to arrive at an appropriate sentence for Gutierrez-Castro's reentry into the

United States. It took into account his repeated violations of the United States' immigration laws.

It gave him a lengthy sentence of 37 months. The Court is now reluctant to impose another lengthy

sentence that overrepresents certain factors in the 18 U.S.C. § 3553(a) analysis -- such as respect for

the law and adequate deterrence -- while not adequately reflecting other factors -- such as arriving

at a just sentence and protecting the public. Consequently, the Court is hesitant to impose

consecutive sentences on a defendant who violates his term of supervised release under those

circumstances.

Additionally, there are some mitigating factors in this case that counsel in favor of making

these sentences run concurrently. When Gutierrez-Castro completes these sentences, he will be

roughly fifty-six years old. At that age, he will have a lower rate of recidivism compared to younger

defendants. Imposing an additional 18 months of incarceration through a consecutive sentences

would not more fully reflect the factors in 18 U.S.C. § 3553(a) and would upset the careful balance

the Court struck in imposing the sentence in No. CR 10-2072. Once Gutierrez-Castro completes the

sentence in No. CR 10-2072, he will have served one of the highest sentences that he has received

for an immigration offense. The highest sentence he received was from Judge Conway in 2007,

which was a sentence of 46 months.  See PSR ¶ 26, at 10.  It is worth noting, however, that the

United States Sentencing Commission has since that time amended U.S.S.G. § 2L1.2(b)(1)(B) in

a way that reduces Gutierrez-Castro's offense level 4 levels.  The old version of that guideline which

was in effect at that time would have resulted in a 12-level enhancement as opposed to an 8-level

enhancement.  When the PSR applied this old version of the guideline provision, Gutierrez-Castro

had a sentencing range of 63 to 78 months.  The guideline amendment helps justify a sentence in

this case lower than the sentence Gutierrez-Castro received in 2007, particularly when one considers

that the predicate offense that resulted in the enhancement, committed in August 28, 1992, is now

almost twenty years old.  See  PSR ¶ 13, at 4.

The Court also notes, in support of not imposing consecutive sentences, that the Sentencing

Commission recently amended the guidelines on November 1, 2011 to recommend that courts not

impose a term of supervised release when a defendant is to be deported.  See U.S.S.G. § 5D1.1(c)

("The court ordinarily should not impose a term of supervised release in a case in which supervised

release is not required by statute and the defendant is a deportable alien who likely will be deported

after imprisonment.").  It was always somewhat strange to impose "unsupervised" supervised release

following deportation to Mexico.  The purposes of imposing supervised release are to help a

defendant ease his way back into society after a prison term.  Yet when the defendant is deported

to Mexico, it was inconsistent with the purposes of supervised release to impose supervised release.

Likewise, doing so did not normally deter a defendant from returning to the United States.  Not

imposing a consecutive sentence for violation of supervised release avoids unwarranted sentencing

disparities among similarly situated defendants in light of the recent guideline amendments.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into

account not only the guidelines but other sentencing goals.  This sentence adequately reflects the

seriousness of the violations, promotes respect for the law, provides just punishment, affords

adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly

situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C.

§ 3553(a).   Because these two sentences will result in one of the highest sentences for an

immigration offense that Gutierrez-Castro has received, the Court believes this sentence reflects the

seriousness of the violations and promotes respect for the law.  Given Gutierrez-Castro's age and

the length of the sentence, the Court believes that the sentence provides just punishment and

adequately protects the public.  Gutierrez-Castro will be roughly fifty-six years old when he

completes his sentence, and, upon release, his rate of recidivism should decrease as a result of his

age.  His criminal history in the past ten years consists of exclusively immigration offenses.  The

last non-immigration related conviction he received was in 2000 for a theft charge.  See PSR ¶ 33,

at 9.  Because this sentence is one of the lengthiest sentences Gutierrez-Castro has received, the

Court believes that the sentence will provide adequate deterrence, both to Gutierrez-Castro

specifically and to the public generally.  As far as immigration sentences go, the 37-month total

sentence is a large one, and the Court's task of tailoring a just sentence for Gutierrez-Castro is such

that the Court does not believe that the sentence undercuts the factors of the seriousness of the crime,

respect for the law, adequate deterrence, and protecting the public.  Given the recent amendments

to the sentencing guidelines that benefit Gutierrez-Castro, the Court believes that this sentence

avoids unwarranted sentencing disparities among similarly situated defendants.  While the Court's

task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that

reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169

(10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence.  Rather, a district

court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with

-11-

the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable.  And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.).  The Court sentences Gutierrez-Castro to 18-months imprisonment.  This sentence will run concurrently with the sentence the Court imposed in No. CR 10-2072.

IT IS ORDERED that the request for concurrent sentences contained in the Sentencing Memorandum for Concurrent Time Submitted on Behalf of Defendant Salvador de Jesus Gutierrez-Castro, filed December 8, 2011 (Doc. 42), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Norman Cairns
Shammara Henderson
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Kenneth A. Gleria
Albuquerque, New Mexico

-- and --

Phillip G. Sapien
Sapien Law, LLC
Albuquerque, New Mexico

    *Attorneys for the Defendant*